*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZANE LEE BATTON,

        Plaintiff-Appellant,

v

AUTO OWNERS INSURANCE,

        Defendant,

and

SCOTT DAVID ROMESBURG and ROMESBURG
INTERNATIONAL LLC,

        Defendants-Appellees

UNPUBLISHED
August 3, 2023

No. 363258
St. Clair Circuit Court
LC No. 21-000557-NI

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiff, Zane Lee Batton, appeals by right the trial court's order granting summary disposition in favor of defendant Scott David Romesburg and defendant Romesburg International LLC pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).[1] We reverse.

## I. BACKGROUND

This case arises from an incident in which Batton was riding his bicycle when he was struck by Romesburg's car. On September 12, 2020, Romesburg was driving his car, and he pulled up to a three-way intersection. Romesburg stopped and waited for an opportunity to make a right turn, while cross traffic coming from the other two directions did not have a stop sign. While Romesburg looked left and waited for an opportunity to turn, Batton was riding his bicycle down the sidewalk, which adjoined the road onto which Romesburg planned to turn, and was coming up

---

[1] Defendant Auto Owners Insurance is not a party to this appeal.

on Romesburg's right. While the exact circumstances surrounding the collision are disputed, Romesburg began to make his turn as Batton entered the intersection, and they collided. Batton was injured and subsequently filed a negligence action against Romesburg. The trial court ultimately granted summary disposition in Romesburg's favor, reasoning that no rational jury could find that Romesburg was more at fault for the accident than was Batton. This appeal followed.

## II. DISCUSSION

Batton argues that the trial court erred by granting Romesburg's motion for summary disposition rather than allowing the case to be decided by a jury. We agree.

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition should be granted pursuant to MCR 2.116(C)(10) when the evidence reveals no genuine issue of material fact. *West*, 469 Mich at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

This case arises from Batton's claim that his injuries were the direct and proximate result of Romesburg's negligence. "To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000) (footnote omitted). In this case, the court's decision to grant summary disposition was premised on its conclusion that "no reasonable juror could find that Romesburg was *more at fault* in the cause of this accident than was Plaintiff, [emphasis added]" and it did not conclude as a matter of law that Romesburg was not at fault at all. This was an application of comparative negligence. In the context of a motor vehicle accident, "a party who is more than 50% at fault" may not recover any damages. MCL 500.3135(2)(b). Comparative negligence may be decided on a motion for summary disposition if no reasonable juror could find that the defendant was more at fault than the plaintiff. *Huggins v Scripter*, 469 Mich 898, 898; 669 NW2d 813 (2003).

The trial court's decision emphasizes its conclusion that Batton's failure to yield the right of way to Romesburg violated Mich Admin Code, R 28.1706, which provides that "[e]very pedestrian who crosses a roadway at any point other than within a marked crosswalk at an intersection shall yield the right-of-way to all vehicles on the roadway." "An individual lawfully operating a bicycle upon a sidewalk or a pedestrian crosswalk has all of the rights and responsibilities applicable to a pedestrian using that sidewalk or crosswalk." MCL 257.660c. Batton seems to concede that this was an unmarked crosswalk and that his failure to yield therefore violated Rule 28.1702. "[V]iolations of administrative rules or regulations do not constitute negligence per se but may provide evidence of negligence." *In re Consumers Energy Co for Gas Cost Recovery*, ___ Mich App ___, ___; ___ NW2d ___ (2022); slip op at 16, citing *Zeni v Anderson*, 397 Mich 117, 142; 243 NW2d 270 (1976). The trial court also considered Batton's deposition testimony that he saw defendant was looking the other direction as he entered the intersection and that he did not make a complete stop before riding his bicycle into the intersection.

-2-

The trial court erred by failing to view the evidence in a light most favorable to the nonmoving party. See *West*, 469 Mich at 183. The trial court emphasized that Batton admitted in his deposition to having entered the intersection despite seeing that Romesburg was looking in the opposite direction. However, a reasonable jury could conclude that a prudent person in Batton's position would expect Romesburg to check both directions prior to commencing his turn. Moreover, the trial court's opinion wholly overlooks Romesburg's deposition testimony that he saw Batton riding the bicycle down the sidewalk when he approached the intersection. Romesburg testified that Batton was approximately 400 feet away when he saw Batton, and Batton testified that he was going approximately 10 MPH but slowed down as he approached the intersection. If a jury found these two statements credible, then it could deduce that approximately 30 seconds elapsed between Romesburg seeing defendant and making the turn.[2] A jury could find that it was negligent for Romesburg to make the turn despite going 30 seconds without checking Batton's location. The court also failed to consider the fact that the parties collided so forcefully that Batton's bicycle got stuck underneath the car, and Romesburg needed help from a police officer to extract it. Moreover, Batton testified that Romesburg's car hit the side of his bicycle and his leg, and Romesburg testified that there was heavy traffic. Taken together, this evidence could support an inference that Romesburg executed the turn at an unreasonable rate of speed in order to fit into a small gap in the traffic. The trial court also failed to consider that Romesburg's manner of driving arguably violated Mich Admin Code, R 28.1716, which provides:

> (3) Notwithstanding the foregoing provisions of this part, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian on any roadway, shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person on a roadway.

> (4) A person who violates this rule is responsible for a civil infraction.

Romesburg proceeded into the intersection despite knowing that Batton was approaching the intersection on his bicycle, and without looking ahead to see whether his path was clear, in order to, according to his deposition testimony, "slide into" a "gap" between two vehicles. A reasonable jury could conclude that he therefore "failed to exercise due care to avoid colliding with [a] pedestrian" in violation of the administrative rule. A jury could draw reasonable inferences based on the totality of the evidence that would lead it to conclude that Romesburg was more at fault than Batton. Therefore, it was inappropriate for the trial court to resolve this matter with summary disposition rather than letting it proceed to a jury.

---

[2] 10 miles per hour is equivalent to approximately 14.7 feet per second. Moving at a pace of 14.7 feet per second, Batton would have needed approximately 27 seconds to travel 400 feet. When accounting for Batton's testimony that he slowed down prior to entering the intersection, 30 seconds is a reasonable estimate of the amount of time that elapsed between Romesburg seeing Batton and making the turn.

The trial court's order granting summary disposition in favor of Romesburg is reversed. This case is remanded for additional proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado